**Irene MORRIS, individually and as mother and best friend of Tina Morris, Plaintiff-Appellant,**

v.

**Linda J. JENKINS, Yurcell Turan and Team Machine, Inc., a corporation, Defendants-Appellees.**

No. 85–1713.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 14, 1987.

Decided Feb. 24, 1987[*].

Opinion May 21, 1987.

---

[*] Although our original disposition of this case was by unpublished order, 812 F.2d 1410, we have subsequently decided to reissue the decision as a published opinion.

Gerald G. Kielian, Gray, Lielian & Markese, Joliet, Ill., for plaintiff-appellant.

James G. Mavrias, Brenner, Mavrias, Dorn & Alm, Robert S. Soderstrom, McKenna, Storer, Rowe, White & Farrug, James P. DeNardo, McKenna, Storer, Rowe, White & Farrug, James P. DeNardo, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants-appellees.

Before WOOD, COFFEY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Plaintiff-appellant appeals from the decision of the district court finding her diversity action against defendants time-barred. For the reasons set forth below, we affirm the district court.

1. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. The history and rationale of "The Journey's Account" was articulated in Pennsylvania Co. v. Good, 56 Ind.App. 562, 566, 103 N.E. 672, 673 (1913), as follows:
... At common law, suits frequently failed of a decision on their merits on account of some matter of form. In such cases, the plaintiff was permitted, within a reasonable time, to

## I.

Plaintiff and her daughter, Illinois residents, sustained personal injuries as the result of an automobile accident with defendants, residents of Indiana, which occurred on July 6, 1982 in Dyer, Indiana. On June 14, 1984, plaintiff filed suit in the Circuit Court of Will County, Illinois. Defendants responded by filing a motion to dismiss contesting the Will County Circuit Court's jurisdiction over the subject matter of the suit and over defendants as parties. Prior to any ruling on defendants' motion to dismiss, plaintiff sought, and was granted, a voluntary non-suit.

Plaintiff refiled her lawsuit in the district court on July 24, 1984 and defendants immediately moved for dismissal on the ground that the suit was barred by the applicable statute of limitations. Relying upon the Erie doctrine,[1] the district court properly determined that state substantive law should control the outcome of plaintiff's action; then, also correctly, it applied Illinois choice of law principles to conclude that Indiana law should govern the resolution of this case as Indiana had the most "significant relationship" to the occurrence and to a majority of the parties. See Mech v. Pullman Standard, 136 Ill.App.3d 939, 941, 92 Ill.Dec. 45, 46–47, 484 N.E.2d 776, 777–778 (1st Dist.1984); Quilici v. Second Amendment Foundation, 769 F.2d 414, 416 (7th Cir.1985).

Indiana ordinarily has a two-year statute of limitations for personal injury actions, Ind.Code § 34-1-2-2, but plaintiff claims that because her original suit in state court was timely filed, her later suit in federal court is "saved" by Indiana's so-called "Journey's Account Statute," Ind. Code § 34-1-2-8,[2] which provides:

sue out a new writ, and such renewal suit was deemed a continuation of the first. The time which was reasonable for such purpose was computed theoretically with reference to the number of days required for plaintiff to journey to the place where the court was held, and hence the name 'Journey's Account'. (citations omitted) This ancient remedy is not now recognized in this country, but, in lieu thereof, statutes have been passed in nearly all of the states, providing for a renewal of

If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

Defendants, however, contend that plaintiff's voluntary dismissal followed by her refiling of the action in federal court does not bring plaintiff's suit within the category of actions intended to be "saved" by the Journey's Account Statute. After consideration of the parties' positions, the district court found for defendants and dismissed plaintiff's suit as time-barred. Plaintiff, this time timely, appealed.

## II.

Plaintiff raises two issues on appeal: (i) that the district court erred in concluding that Indiana's Journey's Account Statute does not save her suit from being time-barred and (ii) that her daughter's status as a minor tolls the two-year statute of limitations as to the daughter's action against defendants. While we agree with the district court that the Journey's Account Statute would not likely be interpreted to save causes of action such as the instant one, we prefer to base our holding on a slightly broader survey of Indiana case law.

### A. Journey's Account Statute

Our duty in this diversity action is to apply the Journey's Account Statute as that law would most likely be applied in this context by the Indiana Supreme Court. *Green v. J.C. Penney Auto Insurance Company, Inc.*, 806 F.2d 759, 761 (7th Cir. 1986). Relevant cases from Indiana's appellate courts, especially where such decisions are in agreement, often provide guidance as to how, in fact, the Indiana Supreme Court would decide a similar case.

Therefore, in trying to put ourselves in the Indiana Supreme Court's shoes, we choose to arrive at our interpretation of the Journey's Account Statute after considering more than the single case relied upon by the district court in its decision.

■ The district court treated *Ferdinand Furniture Co. v. Anderson*, 399 N.E.2d 799 (Ind.App. 2nd Dist.1980), as completely dispositive of the instant case. In *Ferdinand,* the appellate court held that the timely filing of suit in state court followed by the voluntary dismissal and refiling of the action in another state court sometime after the lapse of the applicable statute of limitations, did not constitute the continuation of a timely suit under the Journey's Account Statute. The holding in *Ferdinand,* and thus the decision of the district court below, is based on language in an earlier case, *Pennsylvania Co. v. Good,* 56 Ind.App. 562, 103 N.E.2d 672 (1913):

A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to succeed.

*Id.* at 566, 103 N.E.2d 673–674. Simply stated, one who *voluntarily* dismisses his own cause of action and fails to refile it within the ordinarily applicable limitations period cannot seek the protection of the Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first "fail" before it is filed anew. The proposition that judicial (as opposed to voluntary) dismissal or abatement is necessary before the Journey's Account Statute will extend a statute of limitations is similarly endorsed by *Torres v. Parkview Foods,* 468 N.E.2d 580, 582 (Ind.App. 3rd Dist.1984) and by *Eves v. Ford Motor Co.,* 152 Ind.App. 34, 41, 281 N.E.2d 826, 831 (1st Dist.1972).

Thus, there is a sufficient confluence of opinion on the part of the Indiana appellate

actions which have failed on account of some matter not involving the merits. These statutes do not contemplate a renewal or continuance of the former suit as at common law

under Journey's Account, but that a new and distinct suit shall be commenced, which shall be treated as a continuation of such former suit.

courts that have interpreted the Journey's Account Statute that the "failure" of a cause of action resulting solely from a voluntary dismissal does not warrant a statutory tolling of the ordinarily applicable limitations period. The decision of the district court clearly represents a proper interpretation of Indiana law.

**B. Plaintiff's daughter's status as a minor tolls the statute of limitations as to her cause of action against defendants.**

█ Plaintiff's brief on appeal raises for the first time a new defense to the running of the statute of limitations—that her daughter's status as a minor entitles her to a tolling of the statute of limitations until two years after her "disability" is removed. Ind.Code § 34-1-2-5. Failure by plaintiff to raise this defense before the district court in her motion in opposition to defendants' motion to dismiss renders this newly asserted defense waived. *Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir. 1985); *Kimberlin v. Department of Treasury*, 774 F.2d 204, 207 (7th Cir.1985). Furthermore, even though plaintiff does raise the defense of her daughter's age-related disability, no facts—i.e. the daughter's age at the time of the accident—are contained in either her brief or the record to buttress the assertion that the statute of limitations should be tolled. Where, as here, the factual basis essential to the disposition of an argument raised on appeal is not developed in the appellate briefs the argument is waived. *Bonds v. Coca-Cola Company*, 806 F.2d 1324, 1328 (7th Cir. 1986) (citing *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir.1986)). Plaintiff has thus waived the defense of her daughter's statutory "disability."

### III.

Finally, we believe some strong words are in order concerning the adequacy—woeful inadequacy would be a more apt characterization—of plaintiff-appellant's brief. There is no disputing that the issues involved in this appeal are anything other than simple and clear cut, i.e. a diversity action involving the application of Indiana procedural law which the district court decided on the authority of a single, state appellate court case. Simple or not, however, plaintiff's counsel has utterly failed in his barely two and one-half page argument to cite a single case interpreting the Indiana statute unquestionably at issue or to mention, or even allude to, the single case with which the district court disposed of plaintiff's suit below. Of the two cases cited by plaintiff's counsel, the first case involves the timeliness of a claim brought under a part of the Federal Tort Claims Act (FTCA) and concerns the federal policy protecting FTCA plaintiffs from the running of state statutes of limitations in the event of an adverse ruling in federal district court; while the second case is an Illinois case neither controlling nor relevant given the existence of Indiana case law clearly on point. Thus, appellant has made no serious effort to persuade us to reverse the district court's decision.

Of considerably more concern to this court than the waste of its own time on this appeal, however, is the perfunctory and unprofessional level of representation with which plaintiff has been furnished. We have no way of knowing whether prosecution of this appeal was undertaken as the obligatory conclusion to an ongoing contingency agreement between plaintiff and her attorney; but regardless of the financial and strategic considerations involved herein, we do know that plaintiff has not been the beneficiary of the sort of diligent representation and skillful advocacy we expect to be demonstrated by those who practice before this court.

█ The brief filed in this appeal by plaintiff's counsel is, by any imaginable standard, clearly deficient. Again, we regret any expense to which plaintiff may have been put personally in filing the instant appeal and likewise hope that no expectations of success on appeal were furnished her as they would clearly have been without foundation. For the foregoing reasons, we have determined *sua sponte* that this is an appropriate case for the imposition of sanctions against plaintiff's counsel,

Gerald Kielian, pursuant to Fed.R.App.P. 38. Kielian's prosecution of this appeal (that is, the paltry, inapposite and thoroughly unilluminating arguments upon which the appeal is based) not only demonstrates the appeal's patent frivolity but "has caused a shameful waste of judicial manpower." *District No. 8 International Association of Machinists and Aerospace Workers, AFL–CIO v. Clearing,* 807 F.2d 618, 623 (7th Cir.1986), (quoting *Clarion v. American Home Products Corp.,* 494 F.2d 860, 865 (7th Cir.), *cert. denied,* 419 U.S. 870, 95 S.Ct. 128, 42 L.Ed.2d 108 (1974)). Accordingly, pursuant to Fed.R.App.P. 38, we assess against Mr. Kielian reasonable attorney's fees incurred by defendants in defending this appeal. Appellees shall submit to the clerk of this court proof of such attorney's fees forthwith.

This case should henceforth serve as a warning that patently frivolous appeals supported by arguments and legal precedent of only the most marginal relevance to the issues in dispute will not be lightly tolerated by this court. The judicial forum is a place in which serious people attend to serious business; this appeal, we feel, falls well short of that mark.

AFFIRMED WITH SANCTIONS.