873 F.2d 1069
 49 Fair Empl.Prac.Cas. 1220,
50 Empl. Prac. Dec. P 38,994
Shirley WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE and John K. Wuertz
*, Head of the United States Postal
Service, Indianapolis, Indiana,
Defendants-Appellees.
 No. 88-1641.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 28, 1989.
Decided May 3, 1989.
 
 John O. Moss, Moss & Walton, Indianapolis, Ind., for plaintiff-appellant.
 Stephen E. Alpern, Jesse L. Butler, Asst. Gen. Counsel, Joan C. Goodrich, Senior Atty., U.S. Postal Service, Office of Labor Law, Washington, D.C., Deborah J. Daniels, U.S. Atty., Indianapolis, Ind., Carolyn N. Small, Asst. U.S. Atty., Farmington Hills, Ind., for defendants-appellees.
 Before POSNER, RIPPLE, and MANION, Circuit Judges.
 MANION, Circuit Judge.
 
 
 1
 Plaintiff-appellant Shirley Williams brought this employment discrimination action based on Title VII of the 1964 Civil Rights Act and the 1973 Rehabilitation Act. The district court granted the defendants' motion to dismiss, holding that Williams failed to name the only proper defendant in the action--the Postmaster General of the United States. The district court also denied Williams' motion to amend her complaint to add the Postmaster General as a defendant. Williams appeals these decisions.
 
 I. FACTS
 
 2
 Williams was discharged from her employment by the United States Postal Service on September 28, 1982. Believing she had been unlawfully discharged based on her race and sex in violation of 42 U.S.C. Sec. 2000e, et seq., and on the basis of a physical handicap (muscle spasms and back problems) in violation of 29 U.S.C. Sec. 791, she pursued her administrative remedies before the Equal Employment Opportunity Commission, which issued a final decision denying her complaint. Williams received that decision on October 24, 1985, along with notification of her right to sue in federal district court within 30 days. On November 22, 1985, Williams filed this suit under 42 U.S.C. Sec. 2000e and 29 U.S.C. Sec. 791, naming as defendants the United States Postal Service (USPS), and John K. Wuertz, head of the Indianapolis division of the USPS. Her complaint did not name Albert Casey, the Postmaster General. The defendants she did name were served with process on November 27, 1985. Other people were later served as follows: the USPS General Counsel in Washington D.C. on December 9, 1985, the U.S. Attorney for the Southern District of Indiana on February 20, 1986, Albert Casey on February 25, 1986, and the U.S. Attorney General on February 28, 1986. On April 26, 1986, the defendants (USPS and Wuertz) moved to dismiss for lack of subject matter jurisdiction, or in the alternative for summary judgment, claiming that the court had no jurisdiction because the named defendants were not suable entities under either Title VII or the Rehabilitation Act. Defendants also claimed that Williams failed to name and timely serve the proper defendant, the Postmaster General, and was now prevented from doing so under 42 U.S.C. Sec. 2000e-16(c)'s 30-day statute of limitations. Williams filed her opposition to these motions, as well as a motion under Fed.R.Civ.P. 15(a) and 15(c) to amend her complaint to add the Postmaster General as a defendant.
 
 II. DISTRICT COURT DECISION
 
 3
 On March 4, 1988, the district court granted defendants' motion to dismiss, and denied Williams' motion to amend her complaint. Judge Noland held that Williams had failed to comply with the 30-day time limit in 42 U.S.C. Sec. 2000e-16(c) by not naming the Postmaster General as a defendant within the 30-day period following Williams' receipt of her right to sue letter from the EEOC.[1] He then addressed the question of whether the addition of the Postmaster General in an amended complaint would relate back to the filing of Williams' original complaint, and thus provide the court with jurisdiction. He held that the amendment would relate back only if the Postmaster General had actual notice of the suit before November 23, 1985, and that because the Postmaster had neither been served personally nor been notified through service on one of the substitute individuals in Rule 15(c), the amendment would not relate back. The judge therefore denied Williams' motion to add the Postmaster General as a defendant, stating that a court need not allow futile or ineffective amendments.
 
 III. ANALYSIS
 
 4
 It is clear that Williams did not name the Postmaster General within the 30-day period as required by 42 U.S.C. Sec. 2000e-16(c). Had she done so, the court would have had jurisdiction, and Williams' service of process on the Postmaster on February 26, 1986 would have been proper, as it was within the 120 days allowed for such service under Fed.R.Civ.P. 4(j). Because Williams did not name the Postmaster, however, the court could only have had jurisdiction over her action if adding the Postmaster would relate back to the date of her original complaint. Under Fed.R.Civ.P. 15(c), an amendment changing a party will relate back if
 
 
 5
 [w]ithin the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 6
 The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant. (Emphasis added.)
 
 
 7
 The district court held that this provision was not satisfied.
 
 
 8
 "We review a district court's ruling on a motion to amend a complaint only to determine whether the judge has abused his discretion." Bohen v. City of East Chicago, 799 F.2d 1180, 1184 (7th Cir.1986) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971)); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); First Wisconsin Financial Corp. v. Yamaguchi, 812 F.2d 370, 373 (7th Cir.1987).[2] While our guiding principle is that leave to amend normally should be freely given, this principle is inapplicable where the amendment would prove futile. Foman, 371 U.S. at 182, 83 S.Ct. at 230; Sarfaty v. Nowak, 369 F.2d 256, 259 (7th Cir.1966), cert. denied, 387 U.S. 909, 87 S.Ct. 1691, 18 L.Ed.2d 627 (1967). When an amendment will not cure the legal deficiencies of the original complaint, the district court does not abuse its discretion by refusing to grant leave to amend. Textor v. Board of Regents of Northern Illinois University, 711 F.2d 1387, 1391 (7th Cir.1983); Jafree v. Barber, 689 F.2d 640, 644 (7th Cir.1982). Failure to remedy the jurisdictional defects of a complaint is one example of where an amendment would prove futile. Textor, 711 F.2d at 1391. Thus, if Williams' proposed addition of the Postmaster General as a defendant would not relate back to the November 22, 1985 filing of her complaint, and thus not cure the court's lack of subject matter jurisdiction over that complaint, we must affirm the district court's denial of Williams' motion to amend. We agree with the district court that the amendment did not relate back under Rule 15(c).
 
 
 9
 The Postmaster General clearly was not personally notified within the 30-day limitations period.[3] Nor is the final paragraph of Rule 15(c) applicable here to constitute notice to the Postmaster. Although the United States Attorney and the Attorney General were eventually served with process, neither was served within the limitations period. Like the Postmaster himself, these individuals would have to have been notified of the action within the limitations period to invoke relation back under Rule 15(c). Carr v. Veterans Administration, 522 F.2d 1355, 1358 (5th Cir.1975). Indeed, no one was served before November 23, 1985, and thus no individual's receipt of service can be considered as a substitute for notice to the Postmaster General within the 30-day limitations period.
 
 
 10
 Williams argues, however, that the 120 days allowed for service of process under Fed.R.Civ.P. 4(j) applies to extend the statute of limitations because such service is included in the Rule's reference to "the period provided by law for commencing the action." In an opinion that directly governs this case, the Supreme Court explicitly rejected this position. In Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the plaintiff named Fortune Magazine (an internal division of Time, Inc.) as the defendant, when it should have named Time itself. The court did not allow an amendment adding Time as a defendant to relate back, holding that the amendment of a complaint after the expiration of the limitations period does not provide sufficient notice nor come within the "period provided by law for commencing the action." Id. at 30-31, 106 S.Ct. at 2384-2385. It noted that the plain meaning of Rule 15(c), as well as the Advisory Committee's 1966 Note to the Rule, make it clear that phrase means that the party must receive notice within the applicable limitations period.
 
 
 11
 We are not inclined ... to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint. Rule 4 deals only with process. Rule 3 concerns the "commencement" of a civil action. Under Rule 15(c), the emphasis is upon "the period provided by law for commencing the action against" the defendant. An action is commenced by the filing of a complaint.
 
 
 12
 Id. at 30, 106 S.Ct. at 2385.
 
 
 13
 This circuit has also maintained that a party must receive actual notice within the limitations period before Rule 15(c) will apply. We have often stated that the consequence of allowing a plaintiff to add a defendant after the limitations period has run, where there has been no actual notice to the defendant, would unfairly prejudice the defendant by depriving him of the complete defense of the statute of limitations, and certainly prejudice his defense on the merits. Lojuk v. Johnson, 853 F.2d 560, 563 (7th Cir.1988); Hughes v. United States, 701 F.2d 56, 57-58 (7th Cir.1982); Stewart v. United States, 655 F.2d 741, 742 (7th Cir.1981); Simmons v. Fenton, 480 F.2d 133, 136 (7th Cir.1973). Moreover, if "either Congress or the drafters of the Civil Rules had intended to wipe out the defense of the statute of limitations otherwise available to federal officers, there would certainly have been a clearer indication." Lojuk, 853 F.2d at 563.
 
 
 14
 The only variable in this case is that we are dealing with a very short statute of limitations. The period here is 30 days, whereas that in Schiavone was one year. This court has applied the actual notice principle in cases involving six-month limitations periods to bar the relation back of an amendment adding a defendant who was not notified within the period. See Hughes, 701 F.2d at 58-59; Stewart, 655 F.2d at 742. Although we have not applied the rule to bar a relation back involving a 30-day statute of limitations, in Paulk v. Department of Air Force, Chanute Air Force Base, 830 F.2d 79, 82 (7th Cir.1987), we recognized that the principle could be appropriate to a 30-day period. In that case, however, relation back was proper because the United States Attorney was served within 30 days. Other circuits have specifically barred relation back where notice was not given within a 30-day limitations period. See, e.g., Bates v. Tennessee Valley Authority, 851 F.2d 1366 (11th Cir.1988); Cooper v. United States Postal Service, 740 F.2d 714 (9th Cir.1984), cert. denied, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Similarly, as the law now stands, we think the Court's holding in Schiavone, that Rule 4(j) cannot be used to circumvent the plain meaning of Rule 15(c), must apply here as well. While we agree it is harsh to prevent a plaintiff from conforming to a very technical rule regarding the naming of defendants in employment discrimination cases (by in effect disallowing any amendment of a complaint because such amendment would almost always come too late when the limitations period is so short and the plaintiff files in the last two or three days), the Supreme Court's rationale in Schiavone nevertheless applies here: "there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process." 477 U.S. at 31, 106 S.Ct. at 2385. While the very short limitations period may heighten this arbitrariness, we are bound by its consequences.[4]
 
 
 15
 Finally, Williams argues that even if she technically would be barred by the 30-day time limit in 42 U.S.C. Sec. 2000e-16(c), that this limitations period is not a jurisdictional requirement, and this court can therefore consider whether the requirement should be equitably tolled in her case. Contrary to Williams' assertion, this circuit holds that the filing requirements in employment discrimination suits against the federal government are jurisdictional. See Gaballah v. Johnson, 629 F.2d 1191, 1198 (7th Cir.1980) (holding that Section 2000e-16(c)'s 30-day filing requirement is jurisdictional); Harris v. Brock, 835 F.2d 1190, 1193 (7th Cir.1987) (same); see also Kontos v. United States Department of Labor, 826 F.2d 573, 576 (7th Cir.1987); Sims v. Heckler, 725 F.2d 1143, 1146 (7th Cir.1984).[5] These filing requirements therefore are not subject to waiver, estoppel, or equitable tolling. Harris, 835 F.2d at 1194.[6]
 
 IV. SANCTIONS REQUEST
 
 16
 The appellees request just damages and/or double costs pursuant to Fed.R.App.P. 38.[7] Determining whether sanctions should be issued under this rule is a two-step process: we must first determine that the appeal is frivolous, and then determine that this is an appropriate case for the imposition of sanctions. Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.1989); Reid v. United States, 715 F.2d 1148, 1154 (7th Cir.1983).
 
 
 17
 " 'An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.' " Mays, 865 F.2d at 138 (quoting Indianapolis Colts v. Mayor of Baltimore, 775 F.2d 177, 184 (7th Cir.1985)). In light of Schiavone, supra, and the relevant precedent in this circuit, a determination by this court that plaintiffs are not allowed 120 days to notify defendants under Rule 15(c) was a "foregone conclusion," SK Hand Tool Corp. v. Dresser Industries, Inc., 852 F.2d 936, 945 (7th Cir.1988), particularly in light of the district court's unequivocal order. Cf. id. Appellate counsel fails to cite any relevant cases, or make any arguments, to address the district court's accurate exposition of the law. Cf. Morris v. Jenkins, 819 F.2d 678, 681 (7th Cir.1987). Most of Williams' cases are "neither controlling nor relevant," id., and her brief is comprised of "arguments and legal precedent of only the most marginal relevance to the issues in dispute." Id. at 682. Williams' appeal exemplifies an "insistence on litigating a question in the face of controlling precedents which removed every colorable basis in law for the litigant's position," Reid, 715 F.2d at 1154, and thus was "unwarranted." Local 106 v. Homewood Memorial Gardens, Inc., 838 F.2d 958, 961 (7th Cir.1988).
 
 
 18
 Second, we find this to be an appropriate case for invoking sanctions against appellate counsel. Williams' brief is primarily comprised of misleading arguments and legally inaccurate propositions, based on irrelevant, overruled, or non-controlling case law. We have held that "disingenuous arguments" and "[m]isrepresentations of controlling law", because they postpone resolution of the real issues and cause delay, can be evidence of bad faith under the second part of the Rule 38 analysis. Beam v. IPCO Corp., 838 F.2d 242, 249 n. 5 (7th Cir.1988); see also Borowski v. DePuy, Inc., 850 F.2d 297, 306 (7th Cir.1988). After having been granted two extensions of time and permission to file a late brief, appellate counsel, if continuing to insist on bringing this frivolous appeal, should have presented a more professional brief to this court.
 
 
 19
 Since appellees' costs in defending this appeal have been relatively low (their appellate briefs were relatively short and reiterated the arguments made to the district court), and neither Williams nor her attorney seem to be engaging in a practice of delay tactics or frivolous litigation, we invoke a modest sanctions award. Kawitt v. United States, 842 F.2d 951, 954 (7th Cir.1988). We direct Williams' attorney to pay $500 to appellees, within 15 days, for their expense in defending this frivolous appeal.
 
 
 20
 AFFIRMED WITH SANCTIONS.
 
 
 
 *
 We note that defendant Wuertz's name was misspelled in the district court documents (where it was "Wurz"), and in our own docket sheet and orders (where it was "Wurtz"). Our own research revealed that the correct spelling is "Wuertz."
 
 
 [1]
 Although Williams argued to the district court that there was proper jurisdiction under the original complaint, she seems to have abandoned this argument on appeal. It is clear that the district court did not have jurisdiction over the complaint filed on November 22, 1985. 42 U.S.C. Sec. 2000e-16(c) provides that
 [w]ithin thirty days of receipt of notice of final action taken by a department, agency, or unit ... or by the Equal Employment Opportunity Commission ... on a complaint of discrimination ... an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action ... in which ... the head of the department, agency, or unit, ... shall be the defendant.
 This Section is applicable not only to Title VII suits, but also to actions brought pursuant to the Rehabilitation Act. 29 U.S.C. Sec. 794(a)(1); see also McGuinness v. United States Postal Service, 744 F.2d 1318, 1322 (7th Cir.1984). The only proper defendant under this provision is the Postmaster General, as "head" of the USPS, named in his official capacity. Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir.1986); McGuinness, 744 F.2d at 1322-23. Williams' failure to name the Postmaster General in her original complaint left the court without jurisdiction over her action.
 
 
 [2]
 This is the standard applied under Fed.R.Civ.P. 15(a)'s provision that leave to amend shall be granted "when justice so requires." The first provision in that section allows one amendment "as a matter of course" when the opposing party has not yet filed a responsive pleading. Although defendants had not filed a responsive pleading here, Ross v. Franzen, 777 F.2d 1216, 1222 (7th Cir.1985) (a motion to dismiss or for summary judgment is not a responsive pleading), a plaintiff cannot add new defendants through a complaint amended as a matter of course. La Batt v. Twomey, 513 F.2d 641, 651 n. 9 (7th Cir.1975). Amendments not granted as a matter of course can only be granted with the consent of the opposing party or by leave of the court. Jafree v. Barber, 689 F.2d 640, 644 (7th Cir.1982). Whether or not to grant such leave is a matter best left to the trial judge's discretion. Id
 
 
 [3]
 Any knowledge the Postmaster General may have had about the earlier administrative proceedings with the EEOC does not constitute actual notice, since Rule 15(c) requires notice of "the institution of the action," which refers to the district court proceeding itself. Cooper v. United States Postal Service, 740 F.2d 714, 717 (9th Cir.1984). Even were we to assume the Postmaster General could have received imputed notice under the "identity of interest" exception to Rule 15(c), Norton v. International Harvester Company, 627 F.2d 18, 21 (7th Cir.1980), no person was served before the expiration of the 30-day period who can be seen as receiving notice that could in turn be imputed to the Postmaster General. See Schiavone, 477 U.S. at 29, 106 S.Ct. at 2384; Simmons v. Fenton, 480 F.2d 133, 136 (7th Cir.1973). Not even the named defendants were served prior to November 23, 1985, and Williams' argument that notice to Wuertz was somehow sufficient, imputing notice to the Postmaster, is therefore unavailing
 
 
 [4]
 Congress could eliminate the requirement of naming the Postmaster General specifically, thus allowing a more general service by naming the Agency. But naming a specific person does involve a more precise process and avoids potential misdirection of service in such a giant bureaucracy. The statute is clear, even though it leaves little room for error
 
 
 [5]
 Unlike most circuits, see Harris v. Brock, 835 F.2d 1190, 1194 (7th Cir.1987) (listing circuits), we have drawn a distinction, based on the principles of sovereign immunity, between the filing requirements of Title VII suits against private employers, which the Supreme Court in Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), held do not act as a jurisdictional bar, and the role of time limits in cases like the present one where the employer is the government. See Harris, 835 F.2d at 1193-94
 
 
 [6]
 This case is distinguishable from Paulk v. Department of Air Force, Chanute Air Force Base, 830 F.2d 79 (7th Cir.1987), where, although we recognized the 30-day period is jurisdictional in nature, id. at 81, we went on to hold that an exception had to be created in that case and the limitations period tolled. Id. at 82-83. Although the plaintiff in that case filed suit within the 30-day period, she failed to name the proper government defendant, and failed to give the proper defendant notice within the 30-day period. That exception, however, was very narrow and limited to the peculiar circumstance of that case: plaintiff had petitioned for in forma pauperis status, and before the complaint was served on the U.S. Attorney, the district judge, pursuant to a Seventh Circuit Rule, had to consider whether the complaint was frivolous. We held that because the delay required to make this determination will often consume the entire 30-day period, and because the plaintiff has no control over the amount of time the judge will take to make the in forma pauperis decision, it was necessary to toll the limitations period from the time the complaint is filed until the district judge makes his decision on the in forma pauperis motion and issues the order to serve process. Id. Not to create such an exception would "violate equal protection because similar claims would be treated drastically differently only on the basis of the speed with which the court chose to process them." Id. at 83 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 441-42, 102 S.Ct. 1148, 1161, 71 L.Ed.2d 265 (1982) (opinion of Blackmun, J.)). No comparable situation exists here
 
 
 [7]
 Although appellees also request sanctions under 28 U.S.C. Sec. 1912, we need not address this provision where we impose sanctions under Rule 38. In re Wildman, 859 F.2d 553, 560 n. 9 (7th Cir.1988)