914 F.2d 260
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rosee TORRES, individually and d/b/a Legal Secretarial
Services, Ltd., Telephone Secretaries Unlimited,
Attorneys Helper and Doctors Helper,
Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH CO., INC., et al.,
Defendants-Appellees.
 No. 89-2007.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Sept. 12, 1990.
Rehearing and Rehearing En Banc Denied Jan. 4, 1991.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Rosee Torres, appeals from the district court's decision imposing sanctions against her pursuant to Rule 11 of the Federal Rules of Civil Procedure. We affirm.
 
 I.
 
 2
 Torres has a long history of litigation against AT & T and its various subsidiaries, arising out of several commercial lease transactions in which Torres obtained telephone switchboards for use in her telephone answering services. On August 15, 1988, Torres filed an amended complaint in the district court entitled "Amended Count III", alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 et seq. (the Act). The amended complaint followed the district court's dismissal of the federal claims in the original complaint in this case on the grounds of res judicata. In that order, the court also dismissed the plaintiff's state law claims, declining to exercise its pendent jurisdiction.
 
 
 3
 The defendants filed a motion to dismiss the amended complaint, alleging that it failed to state a claim because the Act is inapplicable to commercial debts. The district court granted the motion to dismiss, finding that Torres was not a "consumer" within the meaning of that term under the Act. Thereafter, the defendants filed a motion for sanctions under Federal Rule of Civil Procedure 11. The district court granted the motion for sanctions and ordered the defendants to submit a fee petition. The court reviewed the petition, determined that the fee requested was reasonable, and ordered Torres to pay the defendants the sum of $3,903.50.
 
 
 4
 Torres filed a notice of appeal seeking appellate review of four separate district court orders. This court dismissed Torres' appeal as untimely as it sought review of any order other than the sanction order and briefing proceeded.
 
 II.
 
 5
 The only issue before this court on appeal is the sanctions issue. We review both the decision to award sanctions and the amount awarded under an abuse of discretion standard. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928 (7th Cir.1989) (en banc).
 
 
 6
 Rule 11 of the Federal Rules of Civil Procedure requires that a litigant conduct an adequate pre-filing investigation to determine whether the claim is well-grounded in fact or law at the time of filing. Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1435 (7th Cir.1987). In this instance, the plaintiff filed her amended complaint asserting a violation of the Fair Debt Collection Practices Act. The definition section of that statute provides that it is only applicable to consumer debts. In addition, in her brief in opposition to the motion to dismiss, the plaintiff cited authority for the proposition that the Act applied to commercial transactions which was inapposite. The record reflects that there was ample justification for the district court's decision that the plaintiff did not conduct an adequate pre-filing investigation in this instance. The imposition of sanctions against Torres was, therefore, consistent with the objectives of Rule 11 and was not an abuse of discretion.
 
 
 7
 On appeal, Torres also seems to be attempting to challenge the amount of the sanctions awarded. It is not clear whether Torres raised her challenge to the amount of the award in the district court, however, if her district court pleadings are accorded the liberal construction which they must be accorded, then it appears that she attempted to challenge the amount of the award in the district court. Consequently, we will consider the claim on appeal. In this instance, Judge Grady entered two separate orders which discussed in detail the reasons for awarding the sanctions and the method used to compute the sanctions. The defendants submitted a fee petition which itemized the fees associated with the dismissal and the sanctions motion. The district judge was familiar with the proceedings and with the prevailing costs and fees for similar litigation in the area. He stated the reasons for awarding the sanctions and the manner of computing the award with sufficient specificity to satisfy the requirements of Rule 11; therefore, we do not find that he abused his discretion in setting the amount of the award in this case. Brown, 830 F.2d at 1438.
 
 
 8
 On appeal, the defendants also seek sanctions under Rule 38 of the Federal Rules of Appellate Procedure for plaintiff's pursuit of a frivolous appeal. In her brief on appeal, the plaintiff focused a substantial portion of her brief on the merits of the underlying case, despite our order indicating that only the sanctions issue was properly before us on appeal. Despite her inclusion of much irrelevant material in her brief, the plaintiff did seek to challenge not only the decision to award sanction but also the amount of the award. We have previously held that the decision of whether to impose sanctions under Rule 38 is a two-step process. Initially, we must determine whether the appeal is frivolous. Then, we must determine whether sanction would be appropriate in that case. Williams v. United States Postal Service, 873 F.2d 1069, 1074-75 (7th Cir.1989); Mays v. Chicago Sun-Times, 865 F.2d 134, 136 (7th Cir.1989). In this instance, although the plaintiff's arguments are not artfully drawn and the possibility of success on appeal was limited, we do not conclude that the appeal was patently frivolous. As a result of that determination, we need not reach the second step of the process for determining whether to impose sanctions under Rule 38.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record