**Carlton L. SMITH, Plaintiff,**

v.

**Anthony M. FRANK et al., Defendants.**

**Civ. No. 90–4286–JLF.**

United States District Court,
S.D. Illinois,
Benton Division.

April 3, 1992.

Carlton L. Smith, pro se.

James M. Hipkiss, Asst. U.S. Atty., Fairview Heights, IL, James Bleyer, Bleyer & Bleyer, Marion, IL, Susan L. Catler, O'Donnell, Schwartz, et al., Washington, DC, for defendants.

### MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Plaintiff, Carlton Smith (Smith), is an employee of the United States Postal Service (USPS). In his *pro se* complaint, he appeals the adverse determination of the Equal Employment Opportunity Commission (EEOC) on an employment discrimination complaint. He also appears to assert claims under a variety of civil rights statutes against his employer, USPS, and his union, the American Postal Workers Union, AFL–CIO (APWU).

Both the USPS and APWU have filed motions for summary judgment. USPS contends that judgment should issue in its favor because Smith failed to timely appeal the adverse determination contained in the Final Agency Decision (FAD) on Smith's complaint to the Office of Review and Appeals (ORA). As a preliminary matter, the Court notes that Smith's complaint can only be brought under Title VII, *see Brown v. General Ser-*

*vices Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), and is therefore subject to the time limits of Title VII.

The USPS issued its Final Agency Decision on October 10, 1989. The FAD dismissed Smith's complaint for lack of prosecution. The Agency had requested that Smith supplement his complaint with more information. The USPS determined that Smith's response to its request was insufficient, and dismissed the complaint. Attached to the Final Agency Decision was a statement of Smith's appeal rights, including his right to appeal to the Office of Review and Appeals of the EEOC within twenty days. *See* 29 C.F.R. § 1613.233(a). Smith received the decision on October 13, 1989; he filed his appeal to the ORA on November 5, 1989. The appeal was thus untimely.

█ The only decision timely appealed to this Court is the decision of the Office of Review and Appeals to deny Smith's request to reopen the appeal. The ORA refused Smith's request to reopen on the ground that the request failed to meet any of the criteria set forth in 29 C.F.R. § 1613.235(b)(1)–(3) (the petitioner has new and material evidence; the previous decision erroneously applied the law; or the case is of exceptional importance). The Court agrees with the decision by the ORA to refuse to reopen the case. It is undisputed that Smith did not timely file his appeal of the October 13, 1989, decision. Smith has presented no new evidence on this point, nor did the ORA misapply the law in dismissing the appeal in the first instance. Moreover, Smith's case does not present such exceptional circumstances that the ORA would be justified in reconsidering its decision. Indeed, to this date Smith has not presented a detailed, factual statement of the nature of his claim.

For these reasons, judgment must be entered in favor of the Postmaster General and the United States Postal Service.[1] The claims against the Postmaster General are separate from the claims against defendant APWU, and can be appealed separately. Therefore, the Court finds no just reason to

---

1. The United States Postal Service is not a proper party to this case since the only party which can be sued in a case under 42 U.S.C. § 2000e–16 is the head of the agency, here the Postmaster General. *Williams v. United States Postal Service,* 873 F.2d 1069, 1071 (7th Cir.1989).

delay entry of judgment, and directs the Clerk to enter judgment in favor of the defendants Postmaster General and United States Postal Service under Federal Rule of Civil Procedure 54(b).

■ The claims brought against defendant APWU are subject to dismissal. First, claims brought under 42 U.S.C. § 1983 must allege that the defendant acted under color of state law. The Court is unable to divine any such allegation in plaintiff's complaint. Second, claims brought under 42 U.S.C. § 1981 must allege that the plaintiff was treated differently than others similarly situated because of his race. The complaint contains no allegations of disparate treatment or of racial animus against the plaintiff. For a similar reason, plaintiff has failed to state a cause of action under 42 U.S.C. § 1985; there is no allegation that APWU conspired with the purpose of racial discrimination. Last, the plaintiff fails to state a claim under the Fourteenth Amendment, since that amendment applies only to state action.

■ Smith cannot allege a violation of Title VII on the part of APWU because he has failed to exhaust his administrative remedies against it. APWU was not a party to the EEO proceedings below. Since it was not a party, APWU did not have the opportunity to defend itself through the administrative process. Therefore, before Smith can bring a Title VII case against the union, he must exhaust his administrative remedies with the union as a party to those proceedings.[2]

APWU also maintains that the suit should be dismissed against it since it was not properly served. To resolve this problem, the Court will extend the time for service of summons. Plaintiff shall file an amended complaint against APWU within thirty days of this order. If plaintiff is proceeding pro se, he should be aware that the Court expects the amended complaint to state with some factual detail the nature of his claims. Plaintiff should not merely parrot the words of the statute or of this Court's orders; he should explain the factual basis for his claims

of discrimination. Time for service of summons is extended to thirty days after the amended complaint is filed.

Defendant Postmaster General and USPS's motion for summary judgment (Doc. 12) is **GRANTED** and the Clerk is directed to enter judgment in favor of these defendants. Defendant APWU's motion to dismiss (Doc. 17) is **GRANTED;** Plaintiff shall file an amended complaint within thirty days. Time for serving summons is extended to thirty days after Plaintiff files his amended complaint. All other pending motions are denied as **MOOT.**

**IT IS SO ORDERED.**

---

2. The Court expresses no opinion as to whether APWU is subject to suit under Title VII. *Compare Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir.), *cert. denied* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980) *with Jennings v. APWU*, 672 F.2d 712 (8th Cir.1982).