979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patricia HAWKES, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 91-1186.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Nov. 23, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 The district court entered summary judgment for the Postal Service in this employment-discrimination case, holding the claim barred by the preclusive effect of an earlier judgment adverse to plaintiff Patricia Hawkes.
 
 
 2
 The district judge wrote that, because res judicata bars additional litigation, it was unnecessary to address defendant's argument that Hawkes had sued the wrong entity. Questions of personal jurisdiction must be decided first, however, and the Postal Service is correct in observing that Hawkes did not follow statutory requirements.
 
 
 3
 Persons who believe that they are victims of discrimination on account of handicap must follow the procedural rules established by 42 U.S.C. § 2000e-16(c), including the provision that the complaint name "the head of the department, agency, or entity" as the defendant. See McGuinness v. United States Postal Service, 744 F.2d 1318, 1321-22 (7th Cir.1984). A plaintiff who neglects to do this may be able to amend the complaint, but only if the proper defendant receives notice within the time provided by statute. Fed.R.Civ.P. 15(c). Hawkes named as defendant the "U.S.P.S. Chicago division Chicago Main Post Office." It is no stretch to treat the complaint as one against the Postal Service itself, as the district court did. But the Postmaster General was not substituted or served within the time set by law; indeed, Hawkes has never sought to amend her complaint to name the Postmaster General as the defendant. In such circumstances the court must dismiss the action without addressing the merits. Williams v. United States Postal Service, 873 F.2d 1069, 1071 (7th Cir.1989); Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir.1986).
 
 
 4
 Getting employment-discrimination litigation concerning a federal agency under way against the right governmental official at the right time is essential. Harris v. Brock, 835 F.2d 1190, 1193 (7th Cir.1987). Timeliness rules in the commencement of litigation are subject to equitable tolling, Irwin v. Veterans Administration, 111 S.Ct. 453 (1990), but Hawkes had advanced no basis for tolling. Accordingly, the judgment is vacated, and the case is remanded with instructions to dismiss the complaint.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellee filed a response stating that it deemed oral argument unnecessary but asking leave to cite additional authority. That request is granted, and the appeal is submitted for decision on the briefs and record