985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Walter B. HAMM, Plaintiff-Appellant,
v.
Anthony M. FRANK. Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 92-1005.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 1, 1992.
Decided Feb. 1, 1993.
 
 Before CUMMINGS, and MANION, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Postal employee Walter Hamm filed suit in federal court, claiming he was wrongfully terminated in violation of the Rehabilitation Act, 29 U.S.C. § 791. Although he filed his complaint within thirty days of receiving his "right to sue" letter from the Equal Employment Opportunities Commission (EEOC), he did not name and obtain service upon the Postmaster General of the United States until long after the 30-day limitations period had expired. The district court therefore dismissed the suit, but the case was still pending before the district court on December 1, 1991, the effective date of an amendment to Fed.R.Civ.P. 15(a) which would appear to have rendered Hamm's filing and service of his amended complaint timely. We remand to the district court for further proceedings.
 
 I. Background
 
 2
 Walter E. Hamm worked as an electronic technician at the Rock Island, Illinois Post Office until April 27, 1988. The United States Postal Service contends that his employment was terminated for unsatisfactory attendance; Hamm argues that the Postal Service fired him because of his arthritis, a physical handicap. The issue in this case involves the procedure Hamm followed after he received a final decision from the EEOC. On December 28, 1990, the EEOC issued a decision denying Hamm's claim. The EEOC advised Hamm regarding his "right to sue" in federal court:
 
 
 3
 You have the right to file a civil action in an appropriate United States District Court WITHIN THIRTY (30) DAYS of the date that you receive this decision.
 
 
 4
 (Emphasis in original.) Hamm received his right-to-sue letter on January 3, 1991, and filed a complaint on February 1, 1991, charging violations of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. The EEOC decision had also advised Hamm:
 
 
 5
 YOU MUST NAME THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD AS THE DEFENDANT. Agency or department means the national organization, and not the local office, facility or department in which he might work. DO NOT NAME JUST THE AGENCY OR DEPARTMENT.
 
 
 6
 (Emphasis in orginal.)
 
 
 7
 Initially Hamm did not comply with the EEOC's directive. The original complaint caption named the "United States Postal Service" as the defendant; the text of the complaint also included the postal facility at Rock Island, Illinois. Instead of naming the Postmaster General of the United States, he directed that service of process be procured only on the Postmaster of the United States Post Office in Rock Island, Illinois (who was served on February 8, 1991). Simply put, within thirty days of receiving a final determination from the EEOC, Hamm filed a timely complaint, but failed to file against or otherwise notify the proper party.
 
 
 8
 Hamm filed an amended complaint on March 20, 1991, naming "Anthony M. Frank, the Postmaster General of the United States Postal Service" as the defendant. Process was served on the Postmaster General on March 26, 1991; on the Attorney General on March 25, 1991; and on the United States Attorney in Springfield, Illinois, on March 27, 1991. But with the service of the amended complaint the Postmaster General did not receive notice within the thirty-day time period. The thirty-day period, of course, limits Hamm's access to federal court. 42 U.S.C. § 2000e-16(c); Williams v. United States Postal Service, 873 F.2d 1069, 1071 n. 1 (7th Cir.1989).
 
 
 9
 Hamm argued that this defect should be corrected by allowing the amended complaint to relate back to the date of the original complaint pursuant to Federal Civil Procedure Rule 15(c). The district court disagreed, and on November 25, 1991, dismissed the complaint on the authority of Schiavone v. Fortune, 477 U.S. 21, 29-31 (1986). On December 5, 1991, Hamm filed a rule 59 motion to reconsider and vacate the judgment, which the district court denied on December 17, 1991. On December 24, 1991, Hamm filed his notice of appeal.
 
 II. Analysis
 
 10
 The parties agree with the district court that Schiavone holds that Rule 15(c) would not allow the amended complaint to relate back to the original complaint. Had Hamm named the Postmaster General in the initial complaint, and then served process on him within 120 days, or if the Postmaster General received actual or imputed notice within thirty days of the EEOC decision, the court could have entertained the action. Lubniewski v. Lehman, 891 F.2d 216, 219-20 (9th Cir.1989); Williams, 873 F.2d at 1072. Cf. Ellis v. United States Postal Serv., 784 F.2d 835, 837 (7th Cir.1986) (wherein the district court gave the plaintiffs leave to amend their complaint to name the Postmaster General as the proper party). The dispute is whether Schiavone even applies. Although the complaint filed within the thirty-day limitations period did not name him as a party, the Postmaster General was served process within 120 days of the complaint. The amendment to Rule 15(c) was designed to apply to this precise factual situation:
 
 
 11
 [A]mended Rule 15(c)(3) does not require that the newly named party receive notice of the suit [15(c)(3)(A) ] or become aware of the misidentification in the pleadings [15(c)(3)(B) ] within the prescribed limitations period for the particular cause of action. Rather it requires that the newly named party receive notice of the suit or become aware of the misidentification in the pleadings within the prescribed period for service of process--120 days after the filing of the original complaint according to amended Rule 4(m) (now Rule 4(j)).
 
 
 12
 Hill v. United States Postal Serv., 961 F.2d 153, 155 (11th Cir.1992).
 
 
 13
 The only significant difference between the Schiavone rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown.
 
 
 14
 Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 545 (5th Cir.1992). The rule was amended "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed.R.Civ.P. 15(c) Notes of Advisory Committee 1991 Amendment. See Renslow v. City of Chicago, 1991 WL 296732, at 2 n. 1 (N.D.Ill.1991). The only real question in this case, then, is whether the amended rule applies.
 
 
 15
 The Congress relies heavily on the recommendations of the Supreme Court in the adoption and amending of the Federal Rules of Civil Procedure. Since 1988, the final step in the rule-making process involves the transmission of the proposed rule from the Supreme Court to Congress.
 
 
 16
 The Supreme Court shall transmit to the Congress not later than May 1 of the year in which a rule prescribed under section 2072 is to become effective a copy of the proposed rule. Such rule shall take effect no earlier than December 1 of the year in which such rule is so transmitted unless otherwise provided by law. The Supreme Court may fix the extent such rule shall apply to proceedings then pending, except that the Supreme Court shall not require the application of such rule to further proceedings then pending to the extent that, in the opinion of the court in which such proceedings are pending, the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies.
 
 
 17
 28 U.S.C. § 2074. The commentary accompanying the 1988 amendments to the rule-making process states:
 
 
 18
 The Supreme Court retains the power to determine the date on which new rules are to take effect, but with an important qualification in respect of retroactivity. The Court can include a general instruction on retroactivity, but the ultimate determination of whether a new rule is to be applied to proceedings pending when the rule takes effect is left to "the court in which such proceedings are pending." If in the opinion of the court "the application of such rule in such proceedings would not be feasible or would work injustice", the court can disregard the new rule and apply "the former rule" instead.... If and when the case works its way up to a court of appeals, the retroactivity determination is as subject as any other to modification or overturning if found to be an abuse of discretion.
 
 
 19
 Id. Pursuant to this rule-making authority, the Supreme Court ordered the pertinent amendments of Rule 15(c) on April 30, 1991, to take effect on December 1, 1991, and "govern all proceedings in civil actions thereafter commenced and, insofar as practicable, all proceedings in civil actions then pending." Order of the Supreme Court, April 30, 1991, 111 S.Ct. 813 (1991).
 
 
 20
 A cause of action is "pending" in the district court from the filing of a complaint to final judgment. A pending action is not a concluded one, but in a "period of continuance or indeterminacy." Black's Law Dictionary 1134 (6th ed. 1990). Although in this case the district court issued a final judgment when it dismissed the complaint on November 25, 1991, the court retained jurisdiction over the case. Hamm had at least ten days to petition the district court under rule 59. Lorenzen v. Employees Ret. Plan of Sperry & Hutchinson, 896 F.2d 228, 231 (7th Cir.1990) ("In this circuit, all motions addressed to the judgment that are filed within ten days of the entry of judgment, except purely procedural motions ... are deemed to be Rule 59(e) motions"). On December 5, 1991, Hamm did in fact file a motion to reconsider and vacate the judgment. Until the district court ruled on the motion, the time for filing a notice of appeal was tolled. Id. at 231; Soo Line R.R. Co. v. Escanaba & Lake Superior R.R. Co., 840 F.2d 546, 549 (7th Cir.1988) ("If a request for pre-judgment interest is pending in the district court, we lack appellate jurisdiction") (emphasis added). The district court denied Hamm's motion on December 17, 1991, and he filed a notice of appeal on December 24, 1991. Thus, at the effective date of the Rule 15(c) amendment, December 1, 1991, the case was pending in the district court.
 
 
 21
 On November 25, 1991, in ruling on the motion to dismiss the complaint, the district court relied entirely on the strength of Schiavone, 477 U.S. at 29-31 (1986). What the court may not have known was that the portion of Schiavone relied upon (477 U.S. at 29-31) would be overridden in five days by the amendment to Rule 15(c). Because the case was pending in the district court on December 1, 1991, the effective date of the Rule 15(c) amendments, the court needed to determine whether "the application of such rule in such proceedings would not be feasible or would work injustice." 28 U.S.C. § 2074. The district court did not take the opportunity to address the effect of the new Rule 15(c) when considering Hamm's motion to reconsider and vacate the judgment.[1] In effect the district court did not exercise its discretion on this pivotal issue, and in this context that would be an abuse of discretion. FMC Corp. v. Varonos, 892 F.2d 1308, 1316 (7th Cir.1990).
 
 IV. Conclusion
 
 22
 For these reasons, the judgment of the district court is REVERSED. The case is REMANDED to the district court with directions to determine whether the application of Rule 15(c), as amended, would not be feasible or would work injustice in this case.
 
 
 
 [1]
 The Fifth Circuit has gone so far as to hold that the Rule 15(c) amendments should be applied retroactively to cases pending in the appellate court. See Skoczylas, 961 F.2d 543. But we need not go so far today