**DUNGAREE REALTY, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–**
**Appellee.**

No. 93–5105.

United States Court of Appeals,
Federal Circuit.

July 15, 1994.

Sam Z. Gdanski, Suffern, NY, submitted for plaintiff-appellant.

Luis M. Matos, Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for defendant-appellee. Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, James M. Kinsella, Asst. Director and David W. Case, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the brief for defendant-appellee.

1. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516, changed the name of the United States

Before PLAGER, CLEVENGER, and SCHALL, Circuit Judges.

## ORDER

SCHALL, Circuit Judge.

On January 18, 1994, we issued a nonprecedential opinion affirming the January 14, 1993 judgment of the United States Court of Federal Claims, which dismissed without prejudice the complaint of Dungaree Realty, Inc. (Dungaree) for lack of jurisdiction. At the time of our affirmance, we issued an order requesting additional briefing to determine whether sanctions should be imposed against Dungaree in connection with its appeal. After considering the briefs and the record, we hold that Dungaree's appeal was frivolous as argued under Fed.R.App.P. 38. Accordingly, we hereby impose against Dungaree and its attorney sanctions in an amount equal to double the government's costs.

## BACKGROUND

Dungaree was awarded a contract by the Department of Housing and Urban Development (HUD) to serve as the area management broker for HUD-held properties located in Denver, Colorado. Pursuant to a provision in its contract, in a letter to HUD officials dated January 27, 1988, Dungaree requested approval to perform management services for non-HUD properties in the Denver area. In a letter dated February 11, 1988, the contracting officer advised Dungaree that he would not give the requested approval.

On December 5, 1991, Dungaree filed a complaint in what was then the United States Claims Court,[1] seeking damages of $1,500,-000 for additional income it allegedly would have earned by managing non-HUD properties if the requested approval had been given. On April 3, 1992, the government moved under Claims Court Rule 12(b)(1) (identical to Rule 12(b)(1) of the Federal Rules of Civil Procedure) to dismiss the complaint for lack of jurisdiction, asserting that: (1) Dungaree

Claims Court to the "United States Court of Federal Claims."

had failed to submit a claim to the contracting officer, as required by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 605(a) (1988); (2) even if Dungaree's January 27, 1988 letter was viewed as the submission of a claim, the claim was not properly certified, as required by the CDA, 41 U.S.C. § 605(c); (3) assuming Dungaree's January 27, 1988 letter and the government's February 11, 1988 reply constituted, respectively, a proper CDA claim and a proper contracting officer's final decision, Dungaree's action in the Claims Court was barred because Dungaree had failed to appeal the decision to the court within one year, as required by the CDA, 41 U.S.C. § 609(a)(3); and (4) the alleged claim sounded in tort and was excluded from the jurisdiction of the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988). On January 14, 1993, the Court of Federal Claims dismissed Dungaree's complaint without prejudice "for the reasons stated in [the government's] April 3, 1992 motion to dismiss." Thereafter, Dungaree appealed to this court.

On appeal, the argument in Dungaree's brief consisted of one sentence, without citation to the record or any legal authority: "The Court of Federal Claims decision cannot be sustained since Plaintiff's case lies in contract." Dungaree thus failed to provide any reasoning or analysis supporting its position, in violation of Fed.R.App.P. 28(a)(5). As in effect when the briefs in this case were filed, the rule provided that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." This court has stated that it will not address legal arguments that cannot be discerned from an appellant's brief. *Milmark Servs., Inc. v. United States,* 731 F.2d 855, 859 (Fed.Cir.1984). Consequently, we concluded that because of its failure to provide any supporting argument, Dungaree had waived the appeal of the one issue it had raised in its brief. Moreover, we also concluded that even if Dungaree had not waived the one issue it had raised and we had reached that issue and had ruled in Dungaree's favor, we still would have been required to affirm because Dungaree had not challenged the other three grounds upon which its complaint was dismissed. Accordingly, we affirmed the judgment of the Court of Federal Claims.

## DISCUSSION

Fed.R.App.P. 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal can be deemed frivolous in two ways, either of which alone can support the imposition of sanctions. *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1578 (Fed.Cir.1991). "First, where an appeal is taken in a case in which 'the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue,' the appeal is held to be 'frivolous as filed.'" *Romala Corp. v. United States,* 927 F.2d 1219, 1222 (Fed.Cir.1991) (quoting *Finch,* 926 F.2d at 1579). "Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be 'frivolous as argued.'" *Id.*

In this case, we hold that Dungaree's appeal was frivolous as argued. On appeal, Dungaree presented nothing more than a one-sentence assertion (without citation to the record or any legal authority) in support of its contention that its complaint in the Court of Federal Claims sounded in contract. In addition, Dungaree did not challenge any of the other three grounds upon which the Court of Federal Claims dismissed its complaint. Thus, Dungaree argued the case in a way that was plainly frivolous. By failing to present argument on the tort/contract issue, it abandoned that point. At the same time, by failing to challenge the other three grounds which formed the basis for the trial court's ruling, it rendered the appeal pointless. Put most simply, Dungaree argued the appeal in a way which wasted both the government's and this court's time.

We have noted that "[a] frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public

whose taxes supporting this court and its staff are wasted on frivolous appeals." *Finch,* 926 F.2d at 1578. Thus, sanctions under Fed.R.App.P. 38 serve two functions: "They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration." *Id.* Here, the government has been forced to expend time and effort to defend Dungaree's appeal, and we have had to devote time and resources in considering the appeal. Accordingly, we hold that sanctions are warranted.

Finally, it is well settled that a client is bound by the acts or omissions of his or her lawyer. *Romala,* 927 F.2d at 1225. However, "[f]rivolity in argument is no doubt attributable at least as much to tactical decisions made by an attorney in writing briefs as to the overall appellate strategy to which the client may specifically consent." *Id.* Thus, "[w]here the frivolity in an appeal lies not in the filing of the appeal, but in the type of argument employed in support of it, it is appropriate to hold not only the appellant but also its attorney responsible for this conduct." *Id.* Here, Dungaree's counsel must be held responsible for the tactical decision to submit a one-sentence argument, without citation to the record or to legal authority, and to challenge only one of the four grounds upon which the complaint was dismissed. Therefore, we hold Dungaree's counsel liable jointly and severally with Dungaree for the payment of the sanctions we impose.

ACCORDINGLY, IT IS ORDERED THAT: Sanctions in an amount equal to double the government's costs be imposed jointly and severally against Dungaree and its counsel, Sam Zalman Gdanski. The government is directed to submit its bill of costs.