**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1667

ARTHUR E. DAVIS, III,

Plaintiff - Appellant,

v.

DEBRA K. DAVIS, an Individual and sibling of Plaintiff and is a resident of North Carolina; KARLA L. NELSON, an Individual and sibling of Plaintiff and is a resident of Minnesota; JOSEPH R. DAVIS, an Individual and sibling of Plaintiff and is a resident of North Carolina; PAMELA J. ROCK, an Individual and sibling of Plaintiff and is a resident of North Carolina; THOMAS A. DAVIS, an Individual and sibling of Plaintiff and is a resident of North Carolina,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cv-00609-D)

Submitted:  August 30, 2022                    Decided:  June 26, 2023

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Arthur E. Davis, III, Appellant Pro Se.  Trey Lindley, LINDLEY LAW, PLLC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This diversity action—as well as several prior state court cases—arises out of a bitter dispute between Arthur E. Davis, III, and his five siblings ("Defendants") over the administration of their parents' estates. Davis, the perennial loser in the siblings' legal battles, brought this complaint in the district court alleging conversion, malicious prosecution, slander, and five counts of extortion. Defendants moved to dismiss, asserting that Davis' claims were either insufficiently pleaded or barred by res judicata, the probation exception to federal jurisdiction, or the applicable statute of limitations. The district court agreed, dismissing Davis' complaint and granting Defendants' motion for attorney's fees. Davis appeals, and we affirm.

For each of Davis' eight claims, the district court provided multiple alternative grounds for dismissal. While Davis addresses some of these grounds in his informal brief, there is, for each claim, at least one independently sufficient basis for dismissal that Davis neglects to challenge. Consequently, we conclude that Davis has forfeited appellate review of these uncontested findings, *see* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."), and we therefore affirm the dismissal of Davis' complaint.

Next, we review the district court's award of attorney's fees for abuse of discretion. *McAdams v. Robinson*, 26 F.4th 149, 161 (4th Cir. 2022). A federal court sitting in diversity typically follows the applicable state law regarding the availability of an attorney's fees award. *Culbertson v. Jno. McCall Coal Co.*, 495 F.2d 1403, 1406 (4th Cir.

3

1974).  Under North Carolina law, which governs here, attorney's fees are permitted "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading."  N.C. Gen. Stat. Ann. § 6-21.5.

For the first time on appeal, Davis, who is self-represented, contends that he brought his claims in good faith after retaining counsel to review his pro se pleadings.  *See Credigy Receivables, Inc. v. Whittington*, 689 S.E.2d 889, 895 (N.C. App. 2010) (requiring that plaintiff be reasonably aware of complaint's nonjusticiability before court can grant attorney's fees).  But because Davis did not make this argument below, we will not consider it now.  *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (cleaned up)).  And because Davis does not otherwise challenge the award of attorney's fees, we discern no basis for finding that the district court abused its discretion.

Finally, Defendants seek to recover the attorney's fees and costs expended for this appeal.  Under Fed. R. App. P. 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Courts have found appeals to be frivolous when "an objectively reasonable litigant should have realized" that his "legal position [was] doomed to fail[]."  *Toscano v. Chandris, S.A.*, 934 F.2d 383, 387 (1st Cir. 1991).  For example, an appeal has been deemed frivolous and sanctionable where the appellant failed to address the district court's reasons for ruling in the appellees' favor.  *Dungaree Realty, Inc. v. United States*, 30 F.3d 122, 124 (Fed. Cir. 1994); *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993); *Spiegel v. Cont'l Illinois Nat.*

4

*Bank*, 790 F.2d 638, 650 (7th Cir. 1986); *Johnson v. Allyn & Bacon, Inc.*, 731 F.2d 64, 74 (1st Cir. 1984). Another factor to consider is whether the appellant seeks to relitigate issues that "already have been raised many times before." *In re Lane*, 991 F.2d 105, 108 (4th Cir. 1993); *see Biermann v. Comm'r*, 769 F.2d 707, 708 (11th Cir. 1985) (awarding fees and double costs after finding that appellant "was well warned by the Tax Court that his positions were frivolous beyond doubt and had consistently been rejected by courts at every level of review").

Davis' opening brief "rendered the appeal pointless," *Dungaree Realty*, 30 F.3d at 124, since he left unchallenged at least one dispositive ground for each of his eight claims. And because Davis has a legal background—he is a formerly licensed Virginia attorney— he probably "should have realized" that his inattention to these issues "doomed" his appeal. *Toscano*, 934 F.2d at 387. In addition, the district court's frivolity finding and award of attorney's fees should have alerted Davis that an appeal from the dismissal of his frivolous complaint would likewise be frivolous. *See Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987) ("Here [the appellant] was alerted to the fact that his claim was frivolous by the district court's opinion, which carefully explained the basis of its dismissal of [the appellant's] complaint and imposition of sanctions against him."). Lastly, Davis used this action to dredge up issues that have already been resolved against him in prior state court proceedings. And not only was Davis unsuccessful in those cases, but also he was repeatedly admonished—by way of fee awards and the imposition of a prefiling injunction—for his baseless claims and arguments. For these reasons, we conclude that an award of attorney's fees and costs is appropriate.

Accordingly, we affirm the district court's judgment and grant Defendants' motion for attorney's fees and costs.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Defendants also move for a prefiling injunction pertaining to future actions that Davis might file. We deny this request without prejudice to seeking such relief from the district court.

6