Norman E. **LYERSON** and Phyllis J. Lyerson, Plaintiffs-Appellants,

v.

Ira **HOGAN** and Etta Hogan, Defendants-Appellees.

No. 4–782A173.

Court of Appeals of Indiana, Fourth District.

Oct. 28, 1982.

Robert E. Saint, Coons & Saint, Indianapolis, for plaintiffs-appellants.

Fay H. Williams, Indianapolis, for defendants-appellees.

CONOVER, Judge.

Plaintiffs-appellants Norman E. Lyerson and Phyllis J. Lyerson (Lyersons) appeal the Marion County Municipal Court's order granting the motion to correct errors of defendants-appellees Ira Hogan and Etta Hogan (Hogans).

We reverse.

ISSUES

This appeal presents the following issues:

1. Whether the Hogans were entitled to notice of the Lyersons' motion to reinstate after a T.R. 41(E) dismissal of the case where they had not appeared to the action, but have a meritorious defense thereto.

2. Whether a failure to make timely defenses because a party's attorney leads him to believe the case has been settled is a T.R. 60(B)(1) "excusable neglect" ground or a "reason justifying relief" under T.R. 60(B)(8).

FACTS

In 1973, the Lyersons filed a complaint in ejectment against the Hogans and summons was duly served on them by leaving copies of the complaint and summons at their residence. The Hogans did not appear or plead until 1981, eight years later. After filing,

the case lay dormant until 1975 when it was placed on the call of the docket and dismissed pursuant to Ind.Rules of Procedure, Trial Rule 41. It was reinstated six days later upon the Lyersons' oral motion. No notice of the motion to reinstate was sent to the Hogans or their attorneys.

Three weeks later on May 19, 1975, the trial court entered a default judgment against the Hogans. It declared the Lyersons were the owners of the real estate in question, the Hogans had unlawfully erected a fence and gate post on a portion of the property, ordered the same removed, and granted the Lyersons five thousand dollars damages and costs.

Six years later in 1981, the Lyersons instituted proceedings supplemental. The Hogans then appeared and filed a Motion to Set Aside Default Judgment and a verified answer to the complaint. Later, an amended motion was filed and denied by the court as not timely filed. The trial court then denied the motion to set aside.

The Hogans timely filed a Motion to Correct Errors asking the Court to set aside its ruling denying the Motion to Set Aside Default Judgment and to grant a new trial. The Court granted the motion to correct errors and the motion to set aside default. The Lyersons appeal.

## DISCUSSION AND DECISION

### I.

This appeal ultimately results from the Hogans' filing of their motion to set aside the default judgment. Default judgments and their entry are governed by Trial Rule 55 which reads in part:

(a) *Entry.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted. ...

(c) *Setting aside default.* A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

Trial Rule 60(B) reads in part as follows:

(B) *Mistake-Excusable neglect-Newly discovered evidence-Fraud, etc.* On motion and upon such terms as are just the court may relieve a party of his legal representative from an order, entry of default, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

. . . .

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

The Lyersons argue the Hogans sought relief from the default judgment on the grounds of "excusable neglect" under Trial Rule 60(B)(1) since they claim (a) their attorney had informed them the case had been settled, and (b) they had no actual notice the case had been reinstated and a default judgment entered. The Hogans, on the other hand, argue they sought relief from the judgment under Trial Rule 60(B)(8) because (a) the case was improperly reinstated by the trial court, and (b) they have a good and sufficient defense to the

action. Also, the Hogans argue, as the Lyersons point out, they were misinformed by their counsel, and had no actual notice of the case's reinstatement and the default judgment until July, 1981, citing us Trial Rule 60(B)(8) and Trial Rule 59(J) as authority for the trial court's sustaining of their motion to correct errors and the setting aside of the default judgment.[1] Thus, we must determine whether the grounds upon which the Hogans sought relief were Trial Rule 60(B)(1) or 60(B)(8) grounds. If they were T.R. 60(B)(1) grounds the motion was not timely because not filed within one year from the time the default judgment was entered. However, if they were T.R. 60(B)(8) grounds, it was timely if the motion to set aside was filed "within a reasonable time." For the reasons stated hereinafter, we do not reach the question of whether a delay of six years is "a reasonable time."

### A. Case Properly Reinstated

■ The Hogans first argue they filed their Motion to Set Aside Default Judgment under T.R. 60(B)(8) because the case was improperly reinstated. They claim they received no prior notice of the Lyersons' motion to reinstate and were entitled to be notified because the reinstatement constituted "a new and additional claim for relief" under T.R. 5(A). That Rule reads in part

(A) *Service: When Required.* Unless otherwise provided by these rules or an order of court, each party shall be served with . . .

(3) every written motion except one which may be heard ex parte;

.     .     .     .

*No service need be made on parties in default for failure to appear, except that* pleadings asserting *new or additional claims for relief* against them *shall be served* upon them in the manner provided for service of summons in Rule 4. (Emphasis supplied.)

We first note the trial court originally dismissed the action under T.R. 41(E) and (F).[2] That Rule does not provide for notice to the opposing party of a motion to reinstate the cause. Likewise, T.R. 55, Default, Section (B) requires notice to the opposing party only "[i]f the party against whom judgment by default is sought has appeared in the action." The Hogans were not entitled to notice because they had not appeared.

Further, they do not fall within the T.R. 5(A)(3) exception because no pleadings alleging new or additional claims for relief were filed. The original pleadings still governed the case, they were merely reinstated.

### B. Hogans Had Notice of All Proceedings

■ The Hogans further argue they filed their motion to set aside the default judgment upon receiving "actual notice that the matter had not been settled," i.e., six years after entry of judgment when the Lyersons filed proceedings supplemental. The Hogans had notice in law of all these proceed-

1. Trial Rule 59(J)(1) authorizes the trial court to "grant a new trial" and Trial Rule 59(J)(6) authorizes the trial court to "grant any other appropriate relief."

   Trial Rule 59(J) does not apply to this case. A motion to correct errors must be filed within sixty days from the date of judgment. Here, judgment was entered six years before the motion to correct errors was filed.

2. T.R. 41(E) and (F) read in 1981, as follows:

   (E) **Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

   (F) **Reinstatement of dismissal.** For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

ings from the time summons was first served upon them.

As Buchanan, J., noted

.... It has long since been settled in this state that "during the time a court has jurisdiction of the parties in [a] proceeding, they must keep themselves informed of the steps taken in the case and are bound by the court's action therein without special or additional notice." *Clouser, et al. v. Mock, et al.,* (1959), 239 Ind. 143, 155 N.E.2d 745, 747; *Flanders v. Ostrom* (1933), 206 Ind. 87, 187 N.E. 673; *Guydon v. Taylor* (1945), 115 Ind.App. 685, 60 N.E.2d 750; 22 I.L.E., *Notice* § 3. This principle was confirmed in *State ex rel. Bickel et al. v. Lake Superior Court* (1959), 239 Ind. 388, 158 N.E.2d 161, wherein it was said, "we have held many times" that the parties are bound by the court's action in a proceeding without special or additional notice.

*Lee v. State,* (1977) 177 Ind.App. 510, 368 N.E.2d 1172, 1174–5.

### C. Good Defense Alone Does Not Entitle Hogans to Relief

The Hogans next argue they have a meritorious defense to this action and are entitled to relief in equity for that reason alone. They have missed the point.

■ If one presents sufficient reason for the court to set aside a default judgment, one must additionally demonstrate he has a good and meritorious defense to the action before the court will act. *Plough v. Farmers State Bank, etc.,* (1982) Ind.App., 437 N.E.2d 471, 474; *Sanders v. Kerwin,* (1980) Ind.App., 413 N.E.2d 668, 671; *Adams v. Luros,* (1980) Ind.App., 406 N.E.2d 1199, 1201. However, the meritorious defense requirement is one *in addition to* the prime requisite, timely presentation of T.R. 60(B) grounds to set aside the judgment in the first instance. The mere fact one has a meritorious defense to an action standing alone does not warrant the setting aside of a default judgment.

We must now determine which T.R. 60(B) grounds the Hogans actually raise.

### II. Excusable Neglect

■ The main thrust of the Hogans' argument is their failure to diligently pursue their defenses to the action was because their attorney led them to believe the case had been settled; thus, their neglect was excusable.

In *Pounds v. Pharr,* (1978) Ind.App., 376 N.E.2d 1193, this court was confronted with a similar case. Defendant, when served with summons, immediately gave it to his insurance agent, but due to a breakdown in communication his insurance company received no notice thereof and failed to take appropriate action. A default judgment was entered. There Lybrook, J., said

This is the classic situation in which mistake, inadvertence, surprise or excusable neglect can be employed by the trial court to exercise its broad discretion in setting aside a default. *Kreczmer v. Allied Construction Company* (1972), 152 Ind.App. 665, 284 N.E.2d 869. It cannot be questioned that any of the above reasons will support a discretionary decision by the trial court and this court will reverse only for a clear abuse of that discretion. *Moe v. Koe* (1975), [165] Ind. App., [98] 330 N.E.2d 761; *Payne v. Doss* (1976), [170] Ind.App., [652] 354 N.E.2d 346; *Green [v. Karol,* Ind.App., 344 N.E.2d 106], *supra; Henline [, Inc. v. Martin,* Ind.App., 348 N.E.2d 116], *supra.*

However, since no evidence was presented by the defendant which could support a holding under T.R. 60(B)(6), (7) or (8) we hold that the setting aside of the default must have been based on excusable neglect. The defendants strongly argue that T.R. 60(B)(8) ("any other reason justifying relief from the operation of the judgment") was the basis of the trial court's ruling. They have failed to direct our attention toward any evidence, and we were unable to find any in the record, which could support "any other reason" as the basis for setting aside the default.

While it is clear that a trial court has broad discretion in setting aside defaults, when the basis for such action is within T.R. 60(B)(1), (2), (3) or (4) *such discretion*

*is limited to a time period of one year following the entry of default.* In the case at bar that period ended on August 5, 1975, approximately nine months before any attempt was made to set aside the default, *and any discretion of the trial court ceased at that time.* (Emphasis supplied.)

*Pounds, supra,* 376 N.E.2d at 1195–6. Mistake, inadvertence and excusable neglect are subject to the one year requirement. *Henderson v. American Optical Co.,* (1981) Ind.App., 418 N.E.2d 549, 553. The Hogans filed their motion to set aside the default judgment six years after it was entered. The trial court had no discretion. It could not set the judgment aside at that time. Thus, it erred in granting the Hogans' motion to correct errors and motion to set aside the default judgment.

Reversed and remanded with instructions to reinstate the judgment, and for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.