NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided August 20, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1236

|  |  |
|---|---|
| | Appeal from the United States District |
| FERNANDO FONTANEZ, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| | |
| *v.* | No. 06 C 6997 |
| | |
| JOHN CORNIER, | John F. Grady, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Fernando Fontanez appeals the district court's grant of summary judgment to John Cornier, an investigator with the Illinois State Police, on Fontanez's claim under 42 U.S.C. § 1983 that Cornier arrested Fontanez in violation of his constitutional rights. We affirm because Fontanez produced no evidence that Cornier caused or participated in the arrest.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

This appeal has followed a tortuous procedural path, which we briefly outline. Fontanez originally filed suit against "John Corzine" and several others after officers with the Chicago Police Department arrested him for reasons that are not in the record. The district court dismissed all of the defendants except Corzine. We, in turn, dismissed Fontanez's appeal of those dismissals for lack of jurisdiction because Fontanez's claims against Corzine had not been resolved. Fontanez then filed a "motion to terminate" his claims against Corzine, explaining that he had discovered that Officer Corzine did not exist. The district court granted that motion, and we reinstated Fontanez's appeal. But we later dismissed it again, this time for failure to prosecute. Fontanez then determined that "Corzine" was actually "Cornier," and less than a year after his voluntary dismissal, he persuaded the district court to reinstate the case against Cornier. The district court reasoned that Fontanez had brought his motion to terminate under Federal Rule of Civil Procedure 41(a), which specifies that voluntary dismissals are without prejudice unless the movant declares otherwise, and Fontanez had not.

With the case reopened, Cornier moved for summary judgment, supplying evidence that he played no part in Fontanez's arrest. He attested that he and Krista Thien, another investigator, asked Chicago police to help them locate Fontanez for questioning about a threatening letter that he had sent to then-Governor Rod Blagojevich. Thien requested an "investigative alert" be entered in the police database specifying that no probable cause existed for Fontanez's arrest. A copy of the alert corroborates Cornier's account. Fontanez's brief in the district court opposing Cornier's motion generally asserts that Cornier was lying about the investigative alert, but he did not dispute Cornier's statement of facts in the manner required by Local Rule 56.1(b)(3)(B) of the Northern District of Illinois. As a result the district court deemed uncontested Cornier's version of events and granted summary judgment because the facts showed that he did not cause Fontanez's arrest.

We begin by addressing our jurisdiction and the jurisdiction of the district court to reinstate the case, both of which Cornier disputes. Our jurisdiction is secure because Fontanez has timely appealed from the district court's dismissal of the last remaining defendant, which establishes that the district court was finished with the case. *See Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726 (7th Cir. 2006). Cornier seems to argue that the district court had no jurisdiction to reinstate the suit against him because for us to have exercised appellate jurisdiction over Fontanez's original appeal, the district court must have dismissed with prejudice Fontanez's claims against "Corzine." But Federal Rule of Civil Procedure 60(b)(1) allows a district court to reopen cases that have already been decided with prejudice up to a year earlier. *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985). So

Cornier's argument is really just a challenge to the district court's discretion to reopen, within a year of dismissal, the claims against Corzine. *See Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007) (we review relief under Rule 60(b) for abuse of discretion). This argument does not raise a jurisdictional question, and since we can decide this case on the merits, which is how the parties have argued it, we do so.

On to the merits. We review the district court's grant of summary judgment de novo, construing the facts and inferences in Fontanez's favor. *Stainback v. Dixon*, 569 F.3d 767, 770 (7th Cir. 2009). And we review for abuse of discretion the district court's decision to deem Cornier's facts uncontested. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 640 (7th Cir. 2008). Because the district court admonished Fontanez to comply with the local rules requiring a response to each of Cornier's facts with citations to the record and Fontanez did not heed the warning, the district court properly deemed the facts uncontested. *See id.* at 643.

The district court correctly granted summary judgment to Cornier. To prevail on his claim, Fontanez had to produce evidence that could convince a reasonable jury that Cornier foreseeably caused or participated in an unconstitutional action—in this case, his arrest. *See Wheeler v. Lawson*, 539 F.3d 629, 633-34 (7th Cir. 2008); *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). No one disputes that Cornier participated in initiating an *investigation* of Fontanez. But Fontanez has referred us to no evidence in the record contradicting Cornier's testimony—which is corroborated by the investigative report itself—that Cornier asked Chicago police merely to locate Fontanez for questioning and *not* to arrest him. Fontanez argues that Cornier's evidence is unworthy of belief, but we have already upheld the district court's decision to treat Cornier's statement of facts as undisputed. In any case, Fontanez himself furnishes no evidence that Cornier foreseeably caused the arrest, as is his obligation to survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) (nonmovant must present affirmative evidence of liability and may not rest on a claim that the movant's testimony is not credible).

We **AFFIRM** the district court's grant of summary judgment.